IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 4498 |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Katherine Evans has filed an action under the Fair Debt Collection Practices Act (FDCPA) against Portfolio Recovery Associates, LLC (PRA). Evans alleges that PRA violated the FDCPA by reporting to a credit agency that Evans failed to pay her credit card debt without also disclosing that Evans disputed the debt. Evans has moved for summary judgment, and PRA has filed a cross motion for summary judgment.

## Facts

Evans obtained an Avenue credit card that was financed by World Financial Network Bank. Evans used this card to purchase "clothes, purses, underwear," and similar personal items. Pl.'s Mot. for Summ. J., Ex. B (Evans Dep.) at 124:8-9. Due to a change to her financial circumstances, Evans could not pay her credit card debt, and the debt went into default.

PRA is licensed as a collection agency in the State of Illinois. On April 23, 2013, PRA purchased Evans's defaulted account. It sent Evans collection letters for several

months reporting that her Avenue balance of $1,297.87 was due.  Evans eventually retained attorneys from Debtors Legal Clinic.  When Evans reviewed her credit report with her attorneys, she told them she did not believe the amount of $1,297.87 was accurate because her credit limit had been only $400.  On March 27, 2014, Debtors Legal Clinic faxed a letter to PRA on Evans's behalf that included the following statement:  "This client regrets not being able to pay, however, at this time they are insolvent, as their monthly expenses exceed the amount of income they receive, and the amount reported is not accurate.  If their circumstances should change, we will be in touch."  Def. Resp. to Pl.'s Stat. of Material Facts, Ex. C.

In December 2014, PRA reported Evans's debt to Experian, a consumer reporting agency.  PRA failed to communicate to Experian, however, that Evans had disputed the amount reported as her debt.  Evans has filed this lawsuit claiming that PRA's actions violated the FDCPA.

**Discussion**

A party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  On cross motions for summary judgment, the court assesses whether each movant has satisfied the requirements of Rule 56.  *See Cont'l Cas. Co. v. Nw. Nat'l Ins. Co.*, 427 F.3d 1038, 1041 (7th Cir. 2005).  "As with any summary judgment motion, we review cross-motions for summary judgment construing all facts, and drawing all reasonable inferences from those facts, in favor of the non-moving party." *Laskin v. Siegel*, 728 F.3d 731, 734 (7th Cir. 2013) (internal quotation marks omitted).

Section 1692e of the FDCPA states that "[a] debt collector may not use any false,

2

deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Evans contends that PRA violated this provision. PRA contends that Evans cannot prove that it was a debt collector, that the debt meets the FDCPA's definition of that term, or that it knowingly made a materially false, deceptive, or misleading representation. PRA also argues that it is protected from liability by the FDCPA's bona fide error provision. Finally, it contends that Evans lacks standing to sue.

**A.     Consumer debt**

A "debt" within the meaning of the FDCPA is an obligation arising from a transaction that was primarily for personal, family or household purposes. 15 U.S.C. § 1692a(5). As indicated earlier, Evans testified that she used her credit card to purchase clothes, purses, underwear, and similar personal items. PRA offers no evidence to call Evans's testimony into question. The Court concludes that no reasonable jury could find that the obligation in question did not involve a debt within the meaning of the FDCPA.

**B.     Debt collector**

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). PRA is licensed as a collection agency. And it has admitted in its answer to Evans's complaint that "in certain circumstances and in certain instances, it acts as a 'debt collector' as defined by the FDCPA . . . ." Answer ¶ 3. The only basis

3

for PRA's hedging on this point was its claimed lack of knowledge of whether Evans's debt was a consumer debt. *See id.* This uncertainty having been eliminated via undisputed evidence as discussed in the preceding section, the basis for PRA's hedging is now gone. PRA was a debt collector; no reasonable jury could find otherwise.

**C.     Use of a false, misleading, or deceptive representation**

As indicated earlier, the FDCPA prohibits a debt collector from using a false, deceptive, or misleading representation or means in connection with collection of a debt. 15 U.S.C. § 1692e. The statute says that this provision is violated by "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." *Id.* § 1692e(8).

It is undisputed that PRA failed to communicate to Experian that Evans disputed her debt. PRA argues that the letter from Evans's attorney was insufficient to put it on notice that there was a dispute. The letter in question is a one-page, three-paragraph letter, containing the following sentence: "This client regrets not being able to pay, however, at this time they are insolvent, as their monthly expenses exceed the amount of income they receive, and the amount reported is not accurate." Def. Resp. to Pl.'s Stat. of Material Facts, Ex. C. The plain meaning of the last point in this sentence is that Evans was contending the amount PRA claimed she owed was inaccurate. There is no other plausible way to read it. *See, e.g., Bowse v. Portfolio Recovery Assocs., LLC*, No. 15 C 4037, 2016 WL 6476545, at *4 (N.D. Ill. Nov. 2, 2016); G*omez v. Portfolio Recovery Assocs., LLC.*, No. 15 C 4499, 2016 WL 3387158, at *2 (N.D. Ill. June 20, 2016); *Rodriguez v. I.Q. Data Int'l, Inc.*, No. 15 C 383, 2015 WL 7351925, at *1

4

(N.D. Ill. Nov. 4, 2015); *Emerson v. Fidelity Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015).

PRA evidently has a policy that if a letter contains language that could be considered as evidence of a dispute, but is followed by, for example, the consumer's regrets for her inability to pay, PRA will not consider the letter to be a dispute. Pl.'s Mot. for Summ. J., Ex. F (PRA Dep.) at 78:24-79:6, 97:17-25. Nothing in the FDCPA or any persuasive authority supports PRA's position. The Court concludes that Evans did give PRA notice that she disputed the amount she owed PRA; no reasonable jury could find otherwise.

It is undisputed that after receiving Evans's letter, PRA communicated information regarding Evans's debt to Experian including an outstanding balance of $1298 and that it failed to communicate to Experian that Evans disputed the debt. PRA argues, however, that Evans has not shown that the omission was material. Although there is no Seventh Circuit case law directly on point, the Eighth Circuit and several judges in this district, have concluded that information regarding whether a debt is disputed is always material. *See Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008); *Gomez*, 2016 WL 3387158, at *4; *Bowse*, 2016 WL 6476545, at *6. The Court agrees with the reasoning of these cases. In addition, the statute as enacted by Congress expressly provides that the failure to communicate that a disputed debt is disputed "is a violation" of section 1692e. The Court sees no appropriate basis to ignore this unambiguous statutory language.

For these reasons, no reasonable jury could fail to find that PRA violated section 1692e.

**D. Bona fide error**

PRA argues that it is exempt from liability under 15 U.S.C. § 1692k(c), which states that "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). To succeed on this defense, PRA must show that (1) its FDCPA violation was not intentional; (2) its FDCPA violation was the result of a bona fide error; and (3) it violated the FDCPA despite it having policies to avoid such errors. *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005).

PRA offers no evidence that would permit a finding that its actions were unintentional; instead, it argues lack of notice of Evans's dispute, a point the Court has rejected. And the evidence shows that PRA's violation of section 1692e was anything but an error. Rather, as discussed earlier, the violation was the result of an affirmative policy. Specifically, PRA has a policy to the effect that a consumer's letter with language indicating a dispute will not be considered as a dispute if this language is followed by the consumer's regret for her inability to pay. This was a policy *guaranteeing* violations of the statute, not a policy to avoid errors. No reasonable jury could find in PRA's favor on this defense.

**E. Standing**

Finally, PRA argues, citing *Spokeo v. Robins*, 136 S. Ct. 1540 (2016), that Evans lacks standing under Article III of the Constitution because she has not claimed any actual damages. The Court disagrees. Although tangible injury is typically sufficient to

6

confer standing, it is not necessary even after *Spokeo*. *Spokeo* requires "concrete" harm, but this need not be pecuniary harm. *Id.* at 1548-49. And "the risk of real harm" may suffice as well. *Id.* at 1549.

In this case, PRA sent inaccurate information to Experian about Evans's debt—specifically, by failing to disclose that Evans disputed the debt. The presence of inaccurate information on one's credit record poses a readily apparent risk of harm, because it may lead other creditors or potential creditors to take adverse action or decline to offer credit. The Court agrees with its colleague, Judge James B. Zagel, in concluding that an FDCPA violation of this type is sufficient to confer Article III standing. *Bowse*, 2016 WL 6476545, at *2.

## Conclusion

For the aforementioned reasons, this Court grants Evans's motion for summary judgment [dkt. no. 31, 32] and denies PRA's for summary judgment [dkt. no. 40]. The case is set for a status hearing on November 28, 2016 at 8:45 a.m. to address what further proceedings are necessary to bring the case to a conclusion.

```
_____
    MATTHEW F. KENNELLY
    United States District Judge
```

Date: November 20, 2016