**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KATHERINE EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Case No. 15 C 4498** |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Katherine Evans sued Portfolio Recovery Associates, LLC for violating the Fair

Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e, by sharing Evans's credit

information with a credit reporting agency without indicating that she disputed the debt

allegedly owed to Portfolio.  The Court granted Evans's motion for summary judgment.

The parties then stipulated that Evans suffered $1,000 in damages.  The Court entered

judgment for $1,000 and directed Evans to file a fee petition.  Evans has moved for

attorney's fees and costs totaling $62,439.95.  For the reasons set out below, the Court

awards Evans fees and costs in the amount of $43,315.75.

**Background**

Evans filed her complaint on May 21, 2015.  She alleged that Portfolio, a

collection agency, purchased debt she owed on a World Financial Network Bank

account.  The debt went into default and Portfolio attempted to collect on the debt.  In

March 2014, Evans sent Portfolio a letter indicating that she disputed the amount of the

alleged debt.  In December 2014, Portfolio provided Evans's credit information

regarding the alleged debt to the Experian consumer reporting agency.  Evans alleged

that Portfolio failed to also indicate that she disputed the debt, in violation of 15 U.S.C. §

1692e.

Evans moved for summary judgment on her claim.  In response, Portfolio argued

that Evans could not prove it was a debt collector, that the alleged debt falls under the

FDCPA's definition of debt, or that Portfolio knowingly made a materially, false,

deceptive, or misleading representation.  Portfolio also argued that it was protected from

liability by the FDCPA's bona fide error provision and that Evans lacked standing to sue.

The Court found in favor of Evans on every argument.  It concluded that (1) the debt

clearly qualified under the FDCPA, (2) Portfolio is a debt collector, (3) Portfolio's failure

to notify Experian that Evans disputed the debt was a materially false, deceptive or

misleading representation; (4) Portfolio could not prevail on the bona fide error defense

because the violation was the result of an affirmative policy; and (5) the presence of

inaccurate credit information on Evans's credit history was sufficient to confer standing

to sue.

Following the Court's ruling, the case was referred to Magistrate Judge Kim for a

settlement conference.  In March 2017, the parties filed a stipulation regarding

damages, in which they agreed to an entry of judgment of $1,000 in favor of Evans.

Dkt. no. 75.  Two days later, the Court entered judgment in favor of Evans for $1,000.

Dkt. no. 77.

Evans, as the prevailing party, then filed the present fee petition.  Evans seeks

fees for three attorneys:  Michael Wood, Bryan Thompson, and Andrew Finko, at hourly

rates of $372, $340, and $450, respectively.  Together, the attorneys say they worked

174.5 hours on this case.  Evans seeks compensation for their time as well as for

expenses associated with filing the case, delivering courtesy copies, service of

summons, coverage fees for another law firm, and production of transcripts.  In total,

Evans requests $61,157.20 in attorney's fees and $1,282.75 in expenses, plus another

$2,120.40 related to the reply on the fee petition.

### Discussion

A plaintiff who prevails under the FDCPA is entitled to an award of costs and

reasonable attorney's fees.  *Schlacher v. Law Offices of Phillip J. Rotche & Assocs.,*

*P.C.*, 574 F.3d 852, 856 (7th Cir. 2009) (citing 15 U.S.C. § 1692k(a)(3)).  Evans

prevailed on her FDCPA claim against Portfolio, who does not argue otherwise.  Thus

she is entitled to reasonable attorney's fees and costs.

In calculating reasonable attorney's fees, a court "begins by calculating the

lodestar—the attorney's reasonable hourly rate multiplied by the number of hours

reasonably expended."  *Schlacher*, 574 F.3d at 856 (citing *Hensley v. Eckhart*, 461 U.S.

424, 433–37 (1983)).  The hourly rate is determined based on the market rate for

counsel's services.  *See Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012).  The

party seeking fees bears the burden of establishing this rate.  *Id.*  The best route is to

provide evidence of the attorney's actual billing rate for similar work.  *Id.*  If this is

unavailable, the party may provide "evidence of rates similarly experienced attorneys in

the community charge for paying clients for similar work and evidence of fee awards the

attorney has received in similar cases."  *Id.*  Once the fee petitioner provides evidence

of this rate, the opposing party has the burden of demonstrating why a lower rate should

be awarded.  *Gautreax v. Chicago Housing Auth.*, 491 F.3d 649, 659–60 (7th Cir. 2007).  Portfolio challenges both the hourly rates proposed by Evans and many of the billed hours as unreasonable.

**A.     Reasonableness of the requested rates**

Evans requests hourly rates of $372 for Wood, $340 for Thompson, and $450 for Finko.  She argues that these rates are reasonable because they are the attorneys' actual billing rates and they have been awarded these rates following fee petitions in other cases.

Evans has failed to show that these hourly rates are the attorneys' actual billing rates.  In support of this contention, Evans has provided the Court with affidavits from each attorney stating that these figures represent their actual hourly rates.  *See* Pl.'s Mot. for Attorneys' Fees and Costs, Exs. B–D.  An attorney's "self-serving affidavit", however, cannot by itself satisfy the plaintiff's burden of establishing the market rate. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 556 (7th Cir. 1999).  Thus Evans must provide further evidence in support of the requested rates.  She argues that she has done so by providing billing invoices sent by the attorneys to other clients in which they charged the rates requested here.  But none of the invoices contain any charges for work done by Thompson and therefore do not support an hourly rate of $340 for his services.  *See* Pl.'s Mot. for Attorneys' Fees and Costs, Exs. B–C.  There are two invoices listing charges for services by Wood and Finko.  S*ee id.*, Ex. B at Exs. 1–2. But one of these lists an hourly rate for Wood of $352, not $372.  And neither of these cases was brought under the FDCPA; these invoices were for a foreclosure defense case and a bankruptcy case.  *See id.*  Thus these invoices do not establish that the

hourly rates Evans has requested for Wood and Finko represent their actual billing rates for *similar* work.

Evans next argues that other judges in this district have approved the rates requested here for these attorneys in similar cases.  Pls.' Mot. for Attorneys' Fees and Costs 7–9.  She points to *Stockman v. Global Credit & Collection Corp.*, No. 14 C 6862, 2015 WL 4999851 (N.D. Ill. Aug. 21, 2015), in which this Court considered a fee petition that included requests to compensate Wood and Thompson at $327 per hour.  *Id.* at *2. But the Court ultimately rejected plaintiff's requested rates and awarded attorney's fees based on an hourly rate of $300 for each attorney.  *Id.* at *4.  Evans also cites *Farooq v. Portfolio Recovery, LLC*, No. 15 C 6106, 2016 WL 2909650 (N.D. Ill. May 19, 2016), another FDCPA case in which this Court considered a fee petition by the same three attorneys involved in this case.  But just like *Stockman*, this case does not support Evans's requested rates.  In *Farooq*, the plaintiff requested hourly rates of $327, $327, and $450 for Wood, Thompson, and Finko, respectively.  *Id.* at *1.  After a detailed analysis of the reasonableness of these rates, the Court awarded the attorneys $300, $300, and $415.  Thus Evans has provided two cases demonstrating, not that the attorneys are entitled to the hourly rates she requests, but that they are entitled to the rates proposed by Portfolio.

Evans does not cite any other cases in which courts have awarded Thompson or Finko attorney's fees.  The Court therefore uses its analysis in *Farooq* as a guide and determines their reasonable hourly rates to be the same as in that case:  $300 and $415, respectively.

Evans does cite two cases in which other judges in this district have awarded

Wood attorney's fees at a rate higher than the $300 used in *Farooq*. She notes that in

*Holloway v. Portfolio Recovery Associates*, No. 15 C 11568, Judge Pallmeyer awarded

Wood attorney's fees at an hourly rate of $327. This does not support Wood's request

in this case for compensation at an hourly rate of $372. The same is true for *Chatman*

*v. Stellar Recovery Inc.*, No. 16 C 833, 2017 WL 951246 (N.D. Ill. Mar. 10, 2017).

There, Wood requested an hourly rate of $352. *Id.* at *1. Judge Leinenweber granted

this request only for those hours that Wood worked on the case that did not overlap with

his work in the *Holloway* case. Judge Leinenweber reasoned that any work performed

on the *Chatman* case during the same time frame as *Holloway* should be compensated

at the same rate: $327. Thus Evans has failed to show that Wood has ever been

compensated at a rate of $372 per hour for his services on an FDCPA case. And

although Judge Leinenweber did award Wood's request for a rate higher than $300, this

Court in *Farooq* engaged in a thorough analysis of the reasonableness of this request

and ultimately declined to grant a higher rate. The Court sees nothing that warrants an

increase from the rates it approved for Wood only a year ago and therefore declines to

raise Wood's reasonable rate above $300 per hour.

**B.     Reasonableness of the billed hours**

        The Court next considers the reasonableness of the requested attorney time. A

fee applicant is expected to exercise "billing judgment" in deciding which hours are

properly billed to the opposing party. *Spegon*, 175 F.3d at 552. This requires the

applicant to "winnow[ ] the hours actually expended down to the hours reasonably

expended." *Id*. The applicant should exclude hours that are excessive, redundant, or

otherwise unnecessary, such as hours that an attorney would not usually bill to a paying

6

client as well as hours spent on tasks "that are easily delegable to non-professional assistance." *Id.* at 553. Portfolio's challenges to certain hours requested by Evans fall into three categories: interoffice conferencing, administrative work, and hours that are duplicative.

### 1.    Interoffice conferencing

Portfolio contests a number of requested hours on the grounds that they represent "interoffice conferencing" and should not be included in an award of fees. *See* Def.'s Resp. to Pl.'s Mot. for Attorneys' Fees and Costs, Ex. 10 at 1. Portfolio does not explain why hours spent communicating with other attorneys regarding the case must be excluded, nor does it cite any caselaw in support of this proposition. Thus Evans can request compensation for these hours so long as the hours spent are not excessive. Here, Portfolio indicates that 5.9 hours were spent on interoffice conferencing. *Id.* The Court finds this amount of time is not excessive in the context of this case and therefore that these hours are appropriately included in the award of fees.

### 2.    Administrative work

Portfolio next contests a number of entries for tasks that it contends are administrative—i.e., easily delegable to non-professional assistance—and therefore should not be included in the fee petition. *See id.* at 3. The Court agrees that most of the tasks listed under the administrative heading of Portfolio's exhibit are easily delegable to a non-professional assistant, totaling 4.4 hours. Therefore it is improper to bill these hours at the rates established for the attorneys in this case, despite the fact that Wood and Thompson performed the work. The Court also finds, however, that these tasks are not entirely administrative and require knowledge more typical of a

paralegal. Therefore these 4.4 hours should be compensated at a rate of $100 per hour. *See Kasalo v. Trident Asset Mgmt., LLC*, No. 12 C 2900, 2015 WL 2097605, at *2 (N.D. Ill. May 3, 2015) (Kennelly, J.) (requesting an hourly rate of $100 for paralegal services). The remaining 1.3 hours—for preparing the Equifax exhibits, and preparing, receiving and reviewing summonses—can be compensated at Wood's hourly rate of $300.

### 3.     Duplicative

Portfolio's final argument is that a number of counsel's requested hours are duplicative of substantially similar work the same attorneys performed in other cases. Portfolio contends that the attorneys should not be compensated for this duplication in effort.

The Court agrees that much of the work by Evans's attorneys in this case duplicated that done in other similar FDCPA cases. Evans has requested a total of 3.2 hours for drafting interrogatories, requests to produce, and requests for admission in this case. Pls.' Mot. for Attorneys' Fees and Costs, Ex. A at 2. But these discovery requests are nearly—though not exactly—identical to the ones these same attorneys submitted on behalf of the plaintiff in *Flores v. Portfolio Recovery Associates*, 15 C 2443. *See* Def.'s Resp. to Pl.'s Mot. for Attorneys' Fees and Costs, Exs. 8–9. Thus it is highly unlikely that the time recorded in this case to draft discovery requests represents the actual time required to minimally edit similar documents. The Court therefore reduces this requested time by one-third, to 2.13 hours.

The same scenario occurred in regards to Evans's motion for summary judgment. Portfolio has demonstrated that the motion for summary judgment filed in

this case in May 2016 is nearly identical to the one these attorneys filed two months

earlier in *Gomez v. Portfolio Recovery Associates, LLC*, 15 C 4499.  Although the

document contains some insertions and deletions to update the facts to match that of

Evans's case, the legal arguments in the two briefs are identical.  And yet Evans

requests compensation for 80.4 hours of time relating to the motion for summary

judgment and related briefing (after removing entries which the Court has already

categorized as administrative).  *See* Pls.' Mot. for Attorneys' Fees and Costs, Ex. A at

5–7 (entries covering the period from April 16, 2016 until August 8, 2016).  The Court

finds this amount to be unreasonably high—possibly even if the motion in this case had

been written from scratch—but certainly given that it appears to be, to a significant

extent,  a copy-and-paste from another case.  The Court therefore grants Portfolio's

request to reduce this time by half, to a total of 40.2 hours.  Because this time is

attributed only to Wood and Thompson, both of whom the Court has assigned an hourly

rate of $300, it is unnecessary to determine which specific listed hours are

unreasonable.

### 4.    Reply to fee petition

In her reply, Evans requests an additional 5.7 hours at a rate of $372 for Wood's

review of Portfolio's response to the fee petition and for preparation of the reply.  The

Court finds this number to be high, given that Evans has requested 2.5 hours to draft

the original fee petition itself.  The Court therefore awards Evans 2.85 hours at a rate of

$300 for these tasks.

## C.    Costs

Finally, Evans requests $1,282.75 for costs associated with filing the case,

service of summons, delivery of courtesy copies, preparation of transcripts, and a coverage fee for another law firm. Portfolio argues that the Court should not award Evans $265 for the coverage fee—which is compensation for another firm that covered the initial status in this case—because it is unnecessary. The Court disagrees.

**D.    Summary**

The Court reduces the attorney's hourly rates from $372 to $300 (Wood), $340 to $300 (Thompson) and $450 to $415 (Finko). The Court discounts the hourly rate to $100 for all administrative-paralegal tasks discussed above, reduces by one-third the amount of time spent on discovery requests, and reduces by half the amount of time spent on the motion for summary judgment. Taking these reductions into account, the Court approves 4.4 hours at a rate of $100, 132.28 hours at a rate of $300, 4.6 hours at a rate of $415, and $1,282.75 in costs, for a final amount of $43,315.75.

**Conclusion**

For the foregoing reasons, the Court grants Evans's motion for attorney's fees and costs [dkt. no. 82] in the total amount of $43,315.75.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  July 12, 2017